THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE COLLINS, Defendant-Appellant.

(No. 55341; 

First District—November 30, 1972.

Henry A. Gentile, of Blue Island, (Mel Cahan, of counsel,) for apellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Cary Lind, and William Hedrick, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, defendant was found guilty of unlawful use of weapons and failure to carry a Firearm Owner's Identification Card, in violation of Ill. Rev. Stat. 1966, ch. 38, par. 24—1 and par. 83—2(a). Defendant, who was not represented by counsel at trial, was sentenced to six months in jail on each charge, the sentences to run concurrently. Clifford Holmes, not involved in this appeal, was also found guilty of the charge of unlawful use of weapons rising out of the same incident.

· Defendent raises a number of issues on appeal. Because of our view of the trial proceedings, however, it is necessary to consider only his contention that his right to a jury trial was not understandingly and knowingly waived. We also find it unnecessary to review any of the facts adduced at trial except to state that the instant record is devoid of any mention of a jury trial until after the evidence had been heard and a finding of guilty had been entered against defendant. At that point, the

186

trial judge stated: "There'll be a finding of guilty, * * * Plea not guilty, jury waived, finding guilty * * *."

■■ Although there is no specific or defined formula to follow in determining whether a jury waiver is understandingly and knowingly made (*People v. Wesley*, 30 Ill.2d 131, 195 N.E.2d 708), a defendant is entitled to a trial by jury after entering a plea of not guilty unless that right is waived in open court. (*People v. Scott*, 117 Ill.App.2d 344, 253 N.E.2d 553; Ill. Rev. Stat. 1969, ch. 38, par. 115—1, 103—6.) Since defendant never waived his right to a jury trial, the convictions must be reversed and the cause remanded for a new trial.

■■ The State apparently concedes that defendant's right to a jury trial was not waived, but argues that the error was not preserved because it was not set forth in defendant's post-trial motion for a new trial. Supreme Court Rule 615(a) provides in part as follows: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Defendant has a constitutional as well as a statutory right to a jury trial. Where the record positively reveals that he did not waive that right, we will review the error.

Accordingly, the judgments of conviction are reversed, and the cause is remanded for a new trial.

Judgments reversed and cause remanded.

McGLOON, P. J., and DEMPSEY, J., concur.