THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. QUENTIN WILLIAMS, Defendant-Appellant.

Third District    No. 3—95—0071

Opinion filed January 25, 1996.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael Kick, State's Attorney, of Kankakee (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

Following a bench trial, the defendant, Quentin Williams, was convicted of first degree murder (720 ILCS 5/9—1(a)(2) (West 1994)). He was sentenced to serve 22 years in the Department of Corrections. The sole issue on appeal is whether the defendant's conviction must be reversed because he did not make a timely written waiver of his right to a jury trial. For reasons that follow, we affirm.

On December 5, 1994, the trial court properly admonished the defendant concerning his constitutional right to a jury trial. Following the trial court's admonishment, the defendant voluntarily and knowingly waived his right to a jury trial in open court. Trial proceeded, and the trial court found the defendant guilty.

On January 23, 1995, the court heard the defendant's post-trial motion and sentencing alternatives. After defense counsel presented arguments on the post-trial motion, the court invited the defendant to acknowledge his oral waiver by executing a written jury waiver form. The defendant signed the form without objection. The court then denied the post-trial motion and imposed sentence.

On appeal, the defendant contends that he is entitled to a new trial because he did not sign a written jury waiver prior to his bench trial. The State argues that the defendant's post-trial written waiver complies with the mandate of section 115—1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—1 (West 1994)). We agree that defendant's written jury waiver was sufficient to show compliance with section 115—1 of the Code.

Section 115—1 provides:

"All prosecutions except on a plea of guilty or guilty but mentally ill shall be tried by the court and a jury unless the defendant waives a jury trial in writing." 725 ILCS 5/115—1 (West 1994).

In *People v. Jennings* (1994), 268 Ill. App. 3d 439, 644 N.E.2d 1199, this court held that, under section 115—1, a knowing and voluntary waiver of a jury trial in open court is not sufficient. (*Jennings*, 268 Ill. App. 3d at 444, 644 N.E.2d at 1203.) A defendant must also sign a written jury waiver. (*Jennings*, 268 Ill. App. 3d at 444, 644 N.E.2d at 1203.) Because the defendant in *Jennings* did not sign a written waiver, his conviction was reversed and the cause was remanded for a new trial. (*Jennings*, 268 Ill. App. 3d at 446, 644 N.E.2d at 1204.) However, the court in *Jennings* did not say when the written waiver had to be executed in order to comply with section 115—1 of the Code.

Here, the defendant knowingly and voluntarily waived his right to a jury trial in open court. He also signed a written jury waiver prior to sentencing. Because a written jury waiver was signed prior to final judgment, we conclude that the requirements of section 115—1 were complied with in this case. Accordingly, the defendant is not entitled to remand for a new trial based upon *Jennings*.

For the reasons stated, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

SLATER and LYTTON, JJ., concur.