SECOND DIVISION

June 29, 2004

No. 1-02-3298

THE PEOPLE OF THE STATE OF ILLINOIS, 

Plaintiff-Appellee, 

v.

KENNETH ELDERS, 

Defendant-Appellant. 

)

)

)

)

)

)

)

)

)

Appeal from the 

Circuit Court of

Cook County.

Honorable

Preston L. Bowie, 

Judge Presiding.

JUSTICE BURKE delivered the opinion of the court:

Following a bench trial, defendant Kenneth Elders was convicted of possession of a controlled substance with intent to deliver within 1,000 feet of a public park and was sentenced to seven years' imprisonment.  On appeal, defendant contends: (1) he did not validly waive his right to a jury trial; (2) he was denied effective assistance of counsel because counsel failed to inform him of a plea offer made by the State; (3) the State failed to prove him guilty beyond a reasonable doubt because it failed to establish defendant's intent to deliver; (4) the stipulated testimony of the forensic chemist did not sufficiently establish that the substance recovered from defendant was cocaine; and (5) he was not properly admonished pursuant to Supreme Court Rule 605(a) ((Official Reports Advance Sheet No. 21 (October 17, 2001) R. 605, eff. October 1, 2001)).  For the reasons set forth below, we reverse and remand this cause for a new trial.

STATEMENT OF FACTS

Defendant was arrested on November 24, 2001, at approximately 4:43 a.m., after police officers conducted a surveillance and observed him engaging in suspected narcotics transactions.  On December 26, 2001, defendant was indicted on three counts of possession of a controlled substance with intent to deliver--count I alleged defendant did so within 1,000 feet of a school, count II alleged defendant did so within 1,000 feet of a public park, and count III was general.  

On March 11, 2002, attorney Raymond Prusak appeared on behalf of defendant at a status conference.  There is no evidence defendant was present at this time.  Counsel stated, "I'd like to set this down for bench trial date."  The case was continued to April 4.  On April 4, a different attorney, John Miraglia, appeared on behalf of defendant.  The court inquired whether this was to be a bench or jury trial, but received no response.  The case was continued to April 8.  Again, there is no evidence defendant was present at this time.  On April 8, Prusak appeared on defendant's behalf and the case was continued to April 15.  On April 15, Prusak again appeared on defendant's behalf.  When the court inquired whether this was to be a bench or jury trial, counsel responded it would be a bench trial.  There is no evidence defendant was present.  On May 15, Prusak again appeared on behalf of defendant.  At this time, defendant was present.  Counsel stated, "This is Kenneth Elders before the Court.  He is set for a bench trial today."  Counsel then requested a short status date because he was attempting to locate a witness.  Counsel indicated that if he did not find the witness, defense strategy would change and there probably would not be a trial.  Counsel then stated, "The State made an offer to me earlier today.  If they can keep this offer open until the next court date."  The case was then continued to June 13.  On June 13, William Breen appeared on behalf of defendant and indicated that the case was set for status or "possible plea."  He asked that the matter be reset for a trial date of August 6.

The case was set for trial on the morning of August 6.  Because John Morelli, counsel who was to try the case on behalf of defendant, was caught in traffic, it was continued to the afternoon.  When the parties returned to the court in the afternoon, the State 
nolle prossed
 count I and proceeded on counts II and III.  Immediately after doing so, the State began calling its witnesses. 

Chicago police officer Louis Carrizal was called as a witness on behalf of the State.  Carrizal testified that on November 24, 2001, at approximately 4:30 a.m., he was working near 3430 West Madison with his partner, Officer Perez.  The two set up a surveillance in Garfield Park to observe suspected narcotics transactions on Madison.  Carrizal testified that they parked their car nearby and walked into the park.  Carrizal positioned himself behind a tree and conducted surveillance of the 3400 block of Madison, no more than 50 feet away.  According to Carrizal, the area was well-lit by artificial lighting and he was using binoculars.  

Carrizal observed defendant walking along Madison on the sidewalk.  During his surveillance, defendant was on both the north and south sides of Madison, ranging from 50 to 70 feet away from Carrizal.  On four occasions, Carrizal observed defendant approach the driver's side of a car, engage in a brief conversation (which Carrizal could not hear), receive an unknown amount of money, walk to the base of a tree approximately 10 feet away, retrieve something from a plastic bag lying at the base of the tree, return to the car, and hand the driver an unknown item.  Carrizal testified that two of the transactions were conducted with the cars facing eastbound, at which time defendant was facing Carrizal, and two of them were conducted with the cars facing westbound, at which time defendant's back was to Carrizal.  

After observing the four transactions, Carrizal and Perez returned to their car and drove to the location where defendant was.  Perez detained defendant and Carrizal went to the tree and recovered a plastic bag that contained seven Ziploc baggies inside with a white rock substance that Carrizal suspected was crack cocaine.  They also recovered $113 from defendant.

On cross-examination, Carrizal stated that he and his partner observed defendant for approximately 10 minutes.  He further stated that he believed defendant was receiving money from the individuals in the cars based on the color and shape of the object.  Carrizal admitted that when the cars were facing westbound, defendant's back was to him and it was more difficult to observe what was occurring.  However, it was still his belief that defendant received something, walked to the tree, 
etc.
  

The State then offered the stipulated testimony of Elizabeth Ilowski, a forensic chemist with the Illinois State Police Lab.  According to the stipulation, Ilowski, who was qualified as a expert, received "seven items which she tested using tests commonly accepted in the area of forensic chemistry and found the estimated weight to be 1.4 grams of a chunky substance and found it to be cocaine."  Defense counsel stipulated to this testimony.  The State then rested.  Defendant moved for a directed finding, which was denied.  Defendant then rested.  After closing arguments, the trial court found defendant guilty on count II.  At this time the following colloquy occurred:

"THE COURT:  Wait a minute.  State, we have a problem.  I don't have a jury waiver in the file.

MS. O'CONNOR [Assistant State's Attorney]:  Did the defendant sign one?

THE COURT:  I don't believe so.

MS. O'CONNOR:  Was the jury waiver taken on the record?

THE COURT:  I don't believe it was.

MS. O'CONNOR:  Can you do it retroactively?  Was it the defendant's intent to sign a jury waiver?

THE COURT:  He was never asked.

MR. MORELLI [Defendant's Attorney]:  The defendant indicates to me that he wanted a bench trial.

THE COURT:  Pardon me?

MR. MORELLI:  The defendant just indicated to me that he wanted a bench trial.  That was his intention.

THE COURT:  His intention was what?

MR. MORELLI:  It was his intention to have a bench trial.  He did not intend to have a jury trial.

THE COURT:  Okay.  He needs to sign a jury waiver.

The Court acknowledges the defendant signed a jury waiver in open court."

Defendant's bail was revoked, a presentence investigation report ordered, and the matter continued.

On September 27, defendant's motion for a new trial was denied and the court sentenced him to seven years' imprisonment.  Prior to sentencing defendant, the court stated:

"THE COURT:  Mr. Elders, anything you wish to say before I sentence you?

DEFENDANT ELDERS:  That I would like to apologize for the length of time and if the State would have made me that offer for my offense then I probably would have took it.

THE COURT:  What offer did they make?

MR. MIRAGLIA [Defendant's Attorney]:  They offered six years.

THE COURT:  That was the minimum.

MS. O'CONNOR:  Judge, I object to this.  I don't see that offer in here on my file so I don't know where he is getting that.

DEFENDANT ELDERS:  I would like to apologize for taking up your Honor's time and I hope your Honor has consideration and would grant me the opportunity to continue my life and that would be all.

THE COURT:  Counsel, did you ever receive an offer that you are aware of?

MR. MIRAGLIA:  I had talked with, there was an[] offer of six years prior to trial."

Following imposition of sentence, the trial court admonished defendant pursuant to Rule 605(a), as set forth in detail below.  This appeal followed. 

ANALYSIS

I.  Jury Waiver

Defendant first contends that he is entitled to a new trial because he was not admonished as to his right to have a jury trial and did not sign a jury waiver until after he was found guilty.  According to defendant, a jury waiver must come before a trial, not after.  Defendant also argues that his attorney's statement that defendant desired a bench trial, made after he was found guilty, and defendant's failure to object are not sufficient factors to demonstrate a valid waiver.  Defendant further notes that the trial court never personally addressed him with respect to waiver of a jury trial.  Defendant asks us to review this claimed error under plain error since he failed to preserve it below.  

The State contends that defendant's waiver was understandingly made and done in open court, the only requirements for a valid waiver, and, therefore, no error occurred.  According to the State, the fact that the waiver occurred after defendant's trial is irrelevant.  The State further argues that defendant did not object when his counsel indicated his intent to have a bench trial, nor did defendant object at any point during the trial or when the court raised the issue of a lack of waiver.  The State further maintains that because defendant had pled guilty four other times and was admonished at those times, he knew what he was waiving here.

A defendant validly waives his right to a jury trial only if the waiver is made "(1) understandingly, and (2) in open court."  
People v. Scott
, 186 Ill. 2d 283, 285, 710 N.E.2d 833 (1999).  A knowing and understanding oral waiver can be found if, in the defendant's presence and without objection from him, "defense counsel expressly advised the court" that the defendant desires to proceed by way of a bench trial.  
People v. Eyen
, 291 Ill. App. 3d 38, 41, 683 N.E.2d 193 (1997).  This rule, however, requires "some affirmative statement by defendant's attorney, in his presence, that the defendant wishes not to exercise his right to a jury trial and, instead, chooses a bench trial."  
People v. Roberts
, 263 Ill. App. 3d 348, 351, 636 N.E.2d 86 (1994).  A defendant, however, "will not be deemed to have acquiesced in a jury waiver made by his counsel outside the accused's presence."  
Eyen
, 291 Ill. App. 3d at 41.  Whether a jury wavier is valid does not "rest on any precise formula but depends on the facts and circumstances of each particular case."  
In re R.A.B.
, 197 Ill. 2d 358, 364, 757 N.E.2d 887 (2001). 

We review this claimed error under the plain error doctrine since it involves "the knowing waiver of the fundamental right to a jury trial."  
In re R.A.B.
, 197 Ill. 2d at 363.  Since the facts are not disputed, the issue is a question of law, which we review 
de novo
.  
In re R.A.B.
, 197 Ill. 2d at 363.

Only one case appears to be directly, factually on point, 
i.e.
, where waiver came after, or was attempted after, the defendant was found guilty.  In 
People v. Collins
, 9 Ill. App. 3d 185, 292 N.E.2d 115 (1972), the court concluded that the defendant had not waived his right to a jury trial where the record was "devoid of any mention of a jury trial until after the evidence had been heard and a finding of guilty had been entered against defendant."  
Collins
, 9 Ill. App. 3d at 185.  However, 
Collins
 is not particularly instructive.  We note that while 
Collins
 does not have any negative history, it has only been cited once.  More importantly, the procedural facts, 
i.e.
, what occurred prior to trial and on the day of trial, are not detailed by the court in the opinion.  Lastly, there is no evidence a written jury waiver was executed, as in the instant case.  Other than 
Collins
, the parties have not cited, nor has our independent research disclosed, any case where a jury waiver was executed 
after
 the defendant was found guilty.

The closest case we have discovered is 
People v. Lombardi
, 305 Ill. App. 3d 33, 711 N.E.2d 426 (1999).  In 
Lombardi
, the defendant's bench trial began on September 5, 1997.  
Lombardi
, 305 Ill. App. 3d at 35.  On September 19, the trial court heard closing arguments and continued the matter to September 29 for a ruling.  
Lombardi
, 305 Ill. App. 3d at 37.  On September 29, the trial court noted that the defendant had not filed a jury waiver and wanted to correct this situation before it took the case under advisement.  
Lombardi
, 305 Ill. App. 3d at 37.  At this time, the trial court thoroughly admonished the defendant with respect to her right to have a jury trial and stated that, although the court had already heard the evidence, it would declare a mistrial if the defendant wanted the case heard by a jury.  
Lombardi
, 305 Ill. App. 3d at 38.  The court then continued the case to October 6 so that the defendant could think about her decision.  On October 6, defense counsel advised the court that he had explained the defendant's rights to her and she wanted the court to render its ruling.  
Lombardi
, 305 Ill. App. 3d at 38.  The court again admonished the defendant, stating that it would declare a mistrial and allow the case to be heard by a jury should she so desire.  
Lombardi
, 305 Ill. App. 3d at 38-39.  The defendant signed a jury waiver and thereafter the court allowed the defendant to reopen proofs at which time defense counsel presented two additional witnesses.  
Lombardi
, 305 Ill. App. 3d at 39.  On October 23, the court found the defendant guilty.

On appeal, the defendant argued that she was entitled to a new trial because she was not admonished with respect to the right to have a jury trial until 17 days after the bench trial had begun.  
Lombardi
, 305 Ill. App. 3d at 39.  The 
Lombardi
 court disagreed, noting that a defendant "will not be permitted ' "to gamble on the outcome before the judge without a jury and then if dissatisfied make a belated demand for a jury." '  [Citations.]"  
Lombardi
, 305 Ill. App. 3d at 40.  The court first found that the defendant had made a knowing waiver prior to trial when the trial court had asked both counsel if they were ready to proceed and defense counsel responded, "[R]eady for the bench trial," and thereafter stated, "We wish to proceed on the bench trial as planned," since the defendant was present and did not object.  
Lombardi
, 305 Ill. App. 3d at 40.  The court further noted that, assuming there was no waiver prior to trial, "defendant knowingly waived her right before the bench trial was completed" (
Lombardi
, 305 Ill. App. 3d at 40) and concluded that "the trial court gave the defendant every opportunity to demand a jury trial, and, after being completely admonished of her rights," the defendant waived them (
Lombardi
, 305 Ill. App. 3d at 41).  It was the court's belief that the defendant wanted to have it both ways--"she wanted the trial court to rule and then she wanted to decide whether she wanted another bite at the apple by requesting a jury trial."  
Lombardi
, 305 Ill. App. 3d at 41.

Other cases are instructive as well.  In 
Eyen
, relied upon by defendant, on December 13, 1995, at a pretrial conference which the defendant was not present at, defense counsel asked for a bench trial, which was set for February 29, 1996.  
Eyen
, 291 Ill. App. 3d at 40.  On February 29, before the bench trial began, the trial court simply asked both counsel if they were ready, to which they responded in the affirmative.  Immediately thereafter, the State presented its witnesses.  
Eyen
, 291 Ill. App. 3d at 40.  The defendant was thereafter found guilty and filed a motion for a new trial on the basis that, 
inter alia
, he had not validly waived a jury trial.  
Eyen
, 291 Ill. App. 3d at 41.  On April 10, the trial court denied this motion and then sentenced the defendant.  Following sentencing, the trial court noted that there was no jury waiver in the record and asked if the defendant would be willing to sign a jury waiver.  Defense counsel indicated that the defendant would not do so.  
Eyen
, 291 Ill. App. 3d at 41.  The record disclosed that the trial court never admonished the defendant as to his right to have a jury trial nor did it confirm in the defendant's presence that he had waived a jury trial.  

The 
Eyen
 court concluded that the defendant did not validly waive a jury trial.  According to the court, prior to trial, the issue was discussed only one time when the defendant was not present.  The next time the issue of a jury waiver was raised, in the defendant's presence, was six weeks after he was convicted in a bench trial.  
At this time, defense counsel insisted that the defendant did not waive a jury trial.  
Eyen
, 291 Ill. App. 3d at 41.  With respect to the State's argument that the defendant should be deemed to have waived a jury trial because he acquiesced in his counsel's conduct by proceeding to a bench trial, the court disagreed.  
Eyen
, 291 Ill. App. 3d at 42.  The court looked to 
People v. Asselborn
, 278 Ill. App. 3d 960, 664 N.E.2d 110 (1996) and 
People v. Sailor
, 43 Ill. 2d 256, 253 N.E.2d 397 (1969), relied upon by the State here.  According to the 
Eyen
 court, in both cases the defendants were present when counsel expressly waived their right to a jury trial.  In 
Asselborn
, in the defendant's presence, counsel specifically asked for a bench trial.  In 
Sailor
, again in the defendant's presence, counsel stated that the defendant had waived a jury trial.  Neither of the defendants objected to their counsels' statements and were deemed to have waived their right to a jury trial based on acquiescence.  The 
Eyen
 court distinguished these cases, finding that counsel in 
Eyen
 did not expressly waive the right to a jury trial in the defendant's presence on the day of trial.  
Eyen
, 291 Ill. App. 3d at 43.  Rather, on the day of trial, there was no mention made of whether the case would proceed to a jury or bench trial and the court simply asked counsel if they were ready to proceed.  According to the court, "[u]nder these circumstances, where nothing is stated in defendant's presence to suggest that defendant has an option between a bench trial and a jury trial, we cannot deem defendant to have acquiesced knowingly in his counsel's participation in a bench trial."  
Eyen
, 291 Ill. App. 3d at 43.  The court concluded that "the record shows that defendant neither executed a written jury waiver nor made a knowing and understanding oral waiver of his right to a jury trial," and, therefore, found that the defendant did not waive his right to a jury trial.  Thus, the cause was remanded for a new trial.  
Eyen
, 291 Ill. App. 3d at 43. 

In 
People v. Williamson
, 311 Ill. App. 3d 54, 724 N.E.2d 167 (1999), relied upon by defendant here, the court again concluded that the defendant had not validly waived his right to a jury trial.  On March 1, 1996, at a status hearing, defense counsel stated that the defendant would take a bench trial.  
Williamson
, 311 Ill. App. 3d at 56.  On March 29, at another hearing, the assistant State's Attorney stated that, by agreement, the case was continued to April 26 for motions and a bench trial.  On April 26, the assistant State's Attorney again stated the case was continued, to May 10, for motions and a bench trial.  The same was true on May 10.  On June 5, at another hearing, defense counsel made a similar statement.  On June 27, when the matter actually proceeded to trial, no mention of a jury waiver was made.  
Williamson
, 311 Ill. App. 3d at 56.  There was also no written jury waiver contained in the record.  

Reviewing the issue under plain error, the 
Williamson
 court noted that the State maintained that the defendant had waived a jury trial because in his presence, when a bench trial was discussed, the defendant did not object, nor did he object when his attorney proceeded to a bench trial.  
Williamson
, 311 Ill. App. 3d at 57.  The 
Williamson
 court first looked to the Illinois Supreme Court's recent decision in 
Scott
, in which the court held that mere reference to a bench trial on the day of trial did not constitute a waiver of a jury trial.   Specifically, the 
Scott
 court stated that it had "never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed."  
Scott
, 186 Ill. 2d at 285.  Although the defendant in 
Scott
 had executed a jury waiver in his attorney's office that was later filed outside the defendant's presence, the defendant was never present in open court when a jury waiver had been discussed.  
Scott
, 186 Ill. 2d at 285.  The 
Williamson
 court noted that on March 1, March 29, April 26, and May 10, although "bench" was referred to, nothing was said that the defendant had a right to a jury trial or that that right had been waived.  
Williamson
, 311 Ill. App. 3d at 59.  Additionally, on the day of trial, there was no discussion with respect to the defendant's right to a jury trial, nor any waiver of same.  Specifically, there was no mention whether the case would proceed by jury or bench trial when the court simply proceeded to a bench trial.  The 
Williamson
 court concluded that the previous references to "bench" were "insufficient to constitute a 'discussion' of jury waiver in open court."  
Williamson
, 311 Ill. App. 3d at 59.  The court also noted that the record did not demonstrate whether the defendant had been in court except for on May 10 and June 26, and that on June 26 there was no statement from the defendant or his attorney with respect to a jury waiver or proceeding by way of bench trial.  
Williamson
, 311 Ill. App. 3d at 60.  The 
Williamson
 court therefore reversed the trial court's judgment and remanded the case for a new trial.  
Williamson
, 311 Ill. App. 3d at 61.

In 
Roberts
, the court concluded that the defendant had not validly waived her right to a jury trial where neither "defendant nor her attorney, while [the defendant] was present, made any affirmative statement waiving a jury trial or requesting a bench trial."  
Roberts
, 263 Ill. App. 3d at 351.  The court further concluded that "defendant's silence during the trial court's few references to a bench trial and her simple acquiescence to the bench trial at the time it occurred [were] not sufficient to show she knowingly waived her right to a jury trial, in the absence of some affirmative action by her or by her attorney while she was present."  
Roberts
, 263 Ill. App. 3d at 351-52.  See also
 
In re R.A.B.
, 197 Ill. 2d at 367 (where "neither the right to a jury trial not a jury waiver was discussed in [the defendant's] presence in open court," the defendant did not validly waive his right to a jury trial); 
People v. Taylor
, 291 Ill. App. 3d 18, 20-21, 683 N.E.2d 977 (1997) (trial court reversed where no written jury waiver was filed and there was "no express indication that the defendant was ever given a choice of a bench or a jury trial"); 
People v. Williams
, 277 Ill. App. 3d 571, 572-73, 660 N.E.2d 1320 (1996) (finding that the defendant validly waived his right to a jury trial even though the jury waiver was not executed until after the court had heard arguments on the defendant's posttrial motion since, before the bench trial, the defendant was admonished by the court of his right to have a jury trial); 
People v. George
, 263 Ill. App. 3d 968, 972, 636 N.E.2d 682 (1993) (discussions in the presence of the defendant that would have indicated to him he could choose between a bench or jury trial were sufficient to demonstrate waiver).

The State here relies on 
People v. Frey
, 103 Ill. 2d 327, 469 N.E.2d 195 (1984), in support of its argument that defendant acquiesced in counsel's conduct and, therefore, validly waived his right to a jury trial.  In 
Frey
, the court reiterated that "the accused typically speaks and acts through his attorney, [and] we have given effect to jury waivers made by defense counsel in defendant's presence where defendant gave no indication of any objection to the court hearing the case."  
Frey
, 103 Ill. 2d at 332.  The court in 
Frey
 concluded that the defendant had validly waived his right to a jury trial where the record demonstrated he was aware of his right to a jury trial and had been present in court "at some point prior to trial" when the jury waiver had been discussed.  
Frey
, 103 Ill. 2d at 333.

Based on the foregoing authority, we find that, at the very least, the record must disclose some evidence of some discussion in defendant's presence, prior to being found guilty, with respect to a jury waiver.  There is no evidence of same here.  Rather, there was one single reference to proceeding to a bench trial, in defendant's presence, some two and one-half weeks prior to trial.  This does not constitute a discussion of a jury waiver or demonstrate that defendant was aware he could choose between a jury and bench trial.  Accordingly, we find the evidence here is insufficient to establish a valid jury waiver by defendant.  The instant case is akin to 
Eyen
 with the exception that no written jury waiver was present in the record there and "bench trial" was never mentioned in the defendant's presence prior to trial, whereas here, a "bench trial" was mentioned one time in defendant's presence prior to trial.  However, as in 
Eyen
, defendant here was never admonished about his right to a jury trial, nor did the trial court, prior to a trial, confirm that defendant had waived a jury trial.  Also, as in 
Eyen
, on the day of trial, no mention was made whether the case would proceed to a bench or jury trial--the State simply proceeded to introduce evidence.  Lastly, there was nothing stated in defendant's presence either before trial or on the day of trial that he had a choice between a jury or bench trial, which was the same situation in 
Eyen
.  The same is true with respect to 
Williamson
.  In 
Williamson
, although "bench trial" was mentioned one time in the defendant's presence prior to trial, as in the instant case, nothing was stated that the defendant had a right to a jury trial or had waived same.  Again, no mention was made on the day of trial in 
Williamson
 whether the case would proceed to a bench or jury trial. 

The State focuses on the fact that defendant should be deemed to have acquiesced because he did not object to proceeding to a bench trial.  We do not agree.  The only time a bench trial was referenced in defendant's presence was on May 15, at which time defense counsel only mentioned in passing that the case was set for a bench trial.  This comment is not even like the one in 
Asselhorn
 where counsel specifically requested a bench trial.  Defendant's silence when the case proceeded to a bench trial is not sufficient without some affirmative act on his or his attorney's part to waive a jury trial.  See 
Roberts
, 263 Ill. App. 3d at 351-52.  There is no evidence in the instant case that defendant was even given the option of proceeding with a jury trial or a jury waiver ever being discussed.  This is what distinguishes the instant case from 
Williams
, 
George
, and 
Frey
.  In all of those cases, there was some discussion 
prior to a trial
 of a jury waiver in the defendants' presence or the defendants had been given a choice of whether to proceed to a bench or jury trial.  As the court stated in 
Scott
, a valid waiver has never been found where there was not at least a discussion of a jury waiver in the defendant's presence.

Moreover, even when the trial court here finally addressed the issue, after defendant had been found guilty, defendant was not admonished, even cursorily, that he had a right to be tried by a jury, like the defendant in 
Lombardi
 was, or given an opportunity to think about his choice.  In fact, the court here did not even address defendant personally.  Defendant was given absolutely no opportunity to demand a jury trial, or to waive same.

Although our case is different from most of those discussed above because a written jury waiver is present in the record, we do not find this fact dispositive.  In this regard, we note that in 
Scott
 a jury waiver was filed and, apparently, found to be of no import given the other factors in the case, particularly the lack of any discussion with respect to a jury waiver in the defendant's presence.  

Although ordering a new trial in the instant case may not be a matter of judicial economy, the trial court's error in failing to fulfil its duty to obtain a valid jury waiver in open court prior to trying defendant or, at the least, prior to rendering a finding against him, cannot be excused.  Accordingly, we reverse and remand this cause for a new trial.

In light of our decision to reverse and remand, we address only those remaining issues likely to recur upon retrial or to have an impact on a new trial.

[THE FOLLOWING MATERIAL IS NONPUBLISHABLE UNDER SUPREME COURT RULE 23]

 
[THE PRECEDING MATERIAL IS NONPUBLISHABLE UNDER SUPREME COURT RULE 23]

For double jeopardy purposes, we find that there was sufficient evidence for the trial court or a jury to find defendant guilty of possession of a controlled substance with intent to deliver beyond a reasonable doubt.

IV.  Rule 605(a) Admonishments

Lastly, defendant contends that the Rule 605(a) admonishments given to him were insufficient because they omitted admonishments with respect to (a)(1), (a)(3)(B), (a)(3)(C), and (a)(3)(D), and therefore we must remand this matter for readmonishment.  Specifically, defendant argues that he was not informed that: (1) before filing an appeal, he could file a motion to reconsider sentence; (2) he could request the clerk of the court to prepare and file a notice of appeal; (3) the filing of a motion to reconsider sentence tolled the 30-day period for filing a notice of appeal, rather, "the court seemed to tell" defendant that both a motion to reconsider sentence and the notice of appeal were to be filed within the 30-day period; (4) any issues omitted from his motion to reconsider would be deemed waived; (5) an attorney could be appointed for him for appeal; and (6) a free transcript would be available also if he filed a notice of appeal.  The State contends that defendant was properly admonished since he was informed of the necessary procedures to follow to perfect his appeal rights, 
i.e.
, to file a motion to reconsider sentence and that issues not raised would be waived.

We address this issue so that it does not reoccur on remand and so the trial courts understand they need to properly admonish defendants and, if they fail to do so, the case will be remanded.

Rule 605(a) provides:

"(1) In all cases in which the defendant is found guilty and sentenced to imprisonment, *** the trial court shall, at the time of imposing sentence or modifying the conditions of the sentence, advise the defendant of the right to appeal, of the right to request the clerk to prepare and file a notice of appeal, and of the right, if indigent, to be furnished, without cost to the defendant, with a transcript of the proceedings at the trial or hearing.

(2) In addition to the foregoing rights, in cases in which the defendant has been convicted of a felony or a Class A misdemeanor or convicted of a lesser offense and sentenced to imprisonment, *** the trial court shall advise the defendant of the right to have counsel appointed on appeal.

(3) At the time of imposing sentence or modifying the conditions of the sentence, the trial court shall also advise the defendant as follows:

A. that the right to appeal the judgment of conviction, excluding the sentence imposed or modified, will be preserved only if a notice of appeal is filed in the trial court within thirty (30) days from the date on which sentence is imposed;

B. that prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider the sentence imposed, or consider any challenges to the sentencing hearing, setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing;

C. that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived; and

D. that in order to preserve the right to appeal following the disposition of the motion to reconsider sentence, or any challenges regarding the sentencing hearing, the defendant must file a notice of appeal in the trial court within 30 days from the entry of the order disposing of the defendant's motion to reconsider sentence or order disposing of any challenges to the sentencing hearing."  (Official Reports Advance Sheet No. 21 (October 17, 2001) R. 605, eff. October 1, 2001).

This issue concerns compliance with a supreme court rule and, therefore, our standard of review is 
de novo
.  
People v. Lloyd
, 338 Ill. App. 3d 379, 384, 788 N.E.2d 1169 (2003).  The courts disagree whether strict compliance with Rule 605(a) is required or whether substantial compliance is sufficient.  Compare 
People v. Glenn
, 345 Ill. App. 3d 974, 984, 804 N.E.2d 661 (2004) and 
People v. Taylor
, 345 Ill. App. 3d 1064, 1082-83, 804 N.E.2d 116 (2004)
 (strict compliance required in the cases before the courts) with 
People v. Garner
, ___ Ill. App. 3d ___, ___, 808 N.E.2d 10, 16 (2004) and 
People v. Williams
, 344 Ill. App. 3d 334, 339, 800 N.E.2d 168 (2003) (strict compliance was not required in the cases before the courts).  We need not decide which standard applies since the trial court's admonishments in the instant case did not even substantially comply with the requirements of Rule 605(a).  The trial court admonished defendant as follows:

"You have a right to appeal the decision of this Court.  If you wish to do so you must file a notice of appeal within thirty days.  If you don't do it within thirty days you will lose your right to do so.

You may, if you wish, file a motion to have your sentence reduced.  You must do that within thirty days.  If you don't have a lawyer for that purpose or cannot afford one one will be appointed for you.  You will also be entitled to a free transcript of the trial and this proceeding."

It is clear that the trial court did not admonish defendant that: (1) he had a right to request the clerk to prepare and file a notice of appeal; (2) that, 
prior to taking an appeal
, he could file a motion to reconsider sentence; (3) that in the motion to reconsider sentence, he must set forth all issues or claims of error regarding his sentence and any challenges regarding the sentencing hearing; (4) that any issue not set forth in the motion to reconsider sentence shall be deemed waived; and (5) that after disposition on a motion to reconsider sentence, he could file a notice of appeal.

The trial court is instructed that it must comply with the dictates of Rule 605(a) and properly admonish defendants.  The simplest way to do so would be to read the contents of Rule 605(a) to a defendant.

CONCLUSION

For the reasons stated, we reverse and remand this cause to the circuit court of Cook County for a new trial.

Reversed and remanded.

CAHILL and GARCIA, JJ., concur.