**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 190538-U

Order filed May 18, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0538 Circuit No. 18-CM-275 |
| RONNIE C. CANNON, | ) ) ) | Honorable Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendant made a knowing and voluntary waiver of his right to a jury trial.

¶ 2     Defendant, Ronnie C. Cannon, appeals from his domestic battery conviction. Defendant argues the case should be remanded for a new trial because his jury waiver was invalid. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The State charged defendant with domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2018)). The court appointed counsel to represent defendant.

¶ 5    On March 6, 2019, counsel told the court, "We would like a bench trial date ***." The court then addressed defendant:

> "Okay. I need to make sure—and appreciate you dressed for court. Tell me the difference between a bench and a jury, sir.
>
> THE DEFENDANT: Bench trial is with you. A jury is with 12 people.
>
> * * *
>
> THE COURT: Show [defendant] is signing the jury waiver. So you got to be here August 14th—
>
> [DEFENSE COUNSEL]: We will be here.
>
> THE COURT:—at 1:30. If not, I have to put on the record that you can be convicted and sentenced without being here. Okay?
>
> THE DEFENDANT: I will."

Defendant filed his written jury waiver, and the court set the matter for a bench trial. The jury waiver stated, "I hereby waive a jury trial in the above entitled cause and consent to trial before the court" and was signed by defendant.

¶ 6    On August 14, 2019, the court acknowledged defendant's presence in court with his attorney. The court confirmed that the parties intended to proceed to a bench trial. Following a bench trial, the court found defendant guilty of domestic battery. The court entered a conviction and ordered defendant to pay fines.

¶ 7                                II. ANALYSIS

¶ 8        On appeal, defendant argues that he entered an invalid jury waiver and asks this court to remand for a new trial. We find the court did not err as the record establishes that defendant knowingly and voluntarily waived his right to a jury trial.

¶ 9        At the outset, we note defendant forfeited review of this issue by not objecting to it at trial. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Defendant acknowledges this forfeiture and asks that we conduct plain error review. Defendant argues that his unknowing and involuntary jury waiver is a clear error subject to reversal under the second prong of the plain error doctrine. The plain error doctrine permits a reviewing court to remedy a "clear or obvious error" when "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). The first step of the plain error doctrine is to determine whether an error occurred. *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 10        The United States Constitution and the Illinois Constitution afford a defendant the fundamental right to a jury trial. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. " ' "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." ' " *People v. Bannister*, 232 Ill. 2d 52, 67-68 (2008) (quoting *People v. Johnson*, 75 Ill. 2d 180, 187 (1979), quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A valid jury trial waiver must be knowingly and understandingly made. *People v. Bracey*, 213 Ill. 2d 265, 270 (2004). "A valid waiver exists if there is an express statement by defense counsel in open court, in the defendant's presence, without objection from him or her, that the defendant opts to waive his jury trial right in favor of a bench trial." *People v. Rincon*, 387 Ill. App. 3d 708, 718 (2008) (citing *People v. Elders*, 349 Ill. App. 3d 573, 578 (2004)). The circuit court has a "duty of ensuring that a

defendant waives the right to a jury trial expressly and understandingly." *Bannister*, 232 Ill. 2d at 66. When a defendant waives his right to a jury trial, he "must understand—with its attendant consequences—*** that the facts of the case will be determined by a judge and not a jury." *Id.* at 69. "However, a trial court need not give any specific admonition or advice for a defendant to make an effective jury waiver." *Id.* at 66. "The determination of whether a jury waiver is valid cannot rest on any precise formula, but rather depends on the facts and circumstances of each particular case." *Id.*

¶ 11       Section 115-1 of the Code of Criminal Procedure of 1963 requires that a defendant who wishes to waive his right to a jury trial do so in writing. 725 ILCS 5/115-1 (West 2018). "[T]he existence of a written waiver supports a finding of a knowing waiver when accompanied by defense counsel's request for a bench trial made in open court and in the defendant's presence." *People v. Turner*, 375 Ill. App. 3d 1101, 1108 (2007). "A defendant is bound by defense counsel's waiver of a trial by jury when defendant is present in open court and does not object when the jury waiver is made or is explicitly discussed." *Id.* We review *de novo* the issue of whether defendant made a knowing and voluntary waiver of his right to a jury trial. *Bracey*, 213 Ill. 2d at 270.

¶ 12       Here, the facts and circumstances surrounding defendant's jury waiver established that defendant made a knowing and voluntary waiver. Defendant appeared with counsel on the date counsel requested to proceed to a bench trial and filed the written jury waiver. The court conducted an inquiry into defendant's knowledge of the difference between a bench and jury trial. Despite the relative brevity of the court's admonishment, defendant correctly described the difference between a jury trial and a bench trial. Defendant also stated that he understood the attendant consequence of waiving his right to a jury trial—that defendant's trial would be in

4

front of the judge. Defendant submitted a signed written jury waiver further indicating his desire to proceed to a bench trial. Defendant also made no objection to defense counsel's request to proceed to a bench trial on the date of his waiver or the date of trial. See *Turner*, 375 Ill. App. 3d at 1108. Thus, the record establishes that defendant knowingly and voluntarily waived his right to a jury trial.

¶ 13        In reaching our holding, we find that *People v. Chaplin*, 2020 IL App (3d) 180731-U, the case relied on by defendant, is distinguishable from the instant case. In *Chaplin*, this court determined that defendant's presence with counsel in court when counsel requested a bench trial plus defendant's written jury waiver was insufficient to establish that defendant made a knowing and voluntary jury waiver because the record failed to show that the court had any discussion with defendant regarding the nature of a jury trial or bench trial. *Id.* ¶¶ 14, 20-21. In contrast, here, the court briefly discussed with defendant the difference between a jury and bench trial, and defendant's response indicated that he clearly understood the difference between the two types of trials. *Supra* ¶ 12. Finding no error occurred, we need not proceed further with the plain error analysis.

¶ 14        We note that a jury trial is " 'one of the most revered of all rights acquired by a people to protect themselves from the arbitrary use of power by the State.' " *Bracey*, 213 Ill. 2d at 269 (quoting *People ex rel. Daley v. Joyce*, 126 Ill. 2d 209, 212 (1988)). While we acknowledge that a court is not constitutionally required to advise a defendant of his right to a jury trial or provide an explanation regarding the ramifications of waiving that right, we urge the court to participate in a discussion that ensures that an untrained defendant fully understands the right that they are waiving. See *People v. Steiger*, 208 Ill. App. 3d 979, 981 (1991). Admonishments that include an explanation of the nature of a jury trial versus a bench trial, defendant's constitutional right to

demand a jury trial, defendant's participation in selecting a jury of his peers, that the waiver is defendant's choice, and that the implications of waiving that right result in a bench trial in front of a judge alone, avoids unnecessarily risking a defendant's entry of an involuntary or ill-informed jury waiver.

¶ 15                                    III. CONCLUSION

¶ 16         For the forgoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

¶ 17         Affirmed.