NOTICE

Decision filed 04/23/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250219-U

NO. 5-25-0219

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 23-CF-1560 |
| | ) | |
| AMANDA WHITELEY, | ) | Honorable |
| | ) | Roger B. Webber, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justices McHaney and Hackett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The defendant's conviction is vacated and the cause is remanded for a new trial as the trial court erred by not obtaining a valid jury waiver prior to conducting a stipulated bench trial and finding the defendant guilty. As such, the circumstances warrant vacating the defendant's conviction under second prong plain error.

¶ 2    Following a bench trial, the defendant, Amanda Whitely, was found guilty of one count of methamphetamine delivery. 720 ILCS 646/55(a)(2)(c) (West 2022). The defendant was sentenced to the Illinois Department of Corrections (IDOC) for 7 years and 18 months of mandatory supervised release. On appeal, the defendant alleges that her conviction should be vacated and that she is entitled to have this case remanded for a new trial because the defendant did not waive her right to a jury trial until after a finding of guilt. In the alternative, the defendant claims that the lack of a valid jury waiver constitutes second prong plain error. For the following reasons, we vacate the defendant's conviction and remand with instructions.

1

¶ 3                                      I. BACKGROUND

¶ 4       In December 2023 the defendant was charged with methamphetamine delivery. 720 ILCS 646/55(a)(2)(c) (West 2022). On December 12, 2023, the defendant was arraigned and advised of the charges against her and the potential penalties. The trial court explained the defendant's rights, including that she "would have the right to a trial by a judge or a jury, it would be your choice."[1] The defendant waived her right to a preliminary hearing, and the trial court entered a plea of not guilty on defendant's behalf. In addition, the trial court entered a demand for a jury trial on behalf of the defendant. The State filed a verified petition to deny the defendant pretrial release. The trial court granted the State's petition. The defendant appealed the trial court's pretrial detention order under the Pretrial Fairness Act. 725 ILCS 5/110-1.5 (West 2022). This court issued a summary order that affirmed the trial court's judgment. *People v. Whiteley*, No. 5-23-1330 (2024) (unpublished summary order pursuant to Supreme Court Rule 23(c)).

¶ 5       During pretrial proceedings, the State filed a motion *in limine* to introduce other crimes evidence related to the defendant's prior possession of methamphetamine or other drugs. Following arguments from the State and defense counsel, the trial court granted this motion in part, allowing certain past convictions to be admitted, and denied the motion as to other offenses. On August 19, 2024, the defendant filed a motion to suppress evidence, alleging that the officers involved in the defendant's traffic stop did not have a reasonable suspicion to stop the defendant's vehicle and any evidence obtained as a result of the illegal vehicle stop should be suppressed. The trial court held a hearing to address the defendant's motion. Defense counsel produced evidence and testimony was taken from the two officers from the Urbana Police Department who were

---

[1]The record suggests that these admonitions were given to a group of individuals at a docket call. Subsequently, the defendant's case was called individually, and the defendant was addressed by the trial court regarding the specifics of her case. No additional admonitions were given regarding the defendant's rights to a bench trial or a jury trial.

involved with the traffic stop. Following the presentation by defense counsel, and arguments from the parties, the trial court took the matter under advisement. On October 15, 2024, the trial court had the parties appear to render its decision on the defendant's motion to suppress. The trial court indicated it had reviewed the testimony of the officers and the exhibits tendered, which included a video of the stop. Based upon the evidence submitted, the trial court found that the defendant had not met her burden of proving that the stop was constitutionally unreasonable. The trial court denied the defendant's motion.

¶ 6      In December 2024 email correspondence took place between defense counsel, the State, and the trial court. In defense counsel's initial email, she indicated "We will be proceeding to a stipulated bench trial." The State agreed to the defendant's plan for a stipulated bench trial. As a result of the email, the case was taken off of the jury call and set for January 17, 2025. On the day of trial, the court noted at the start of the proceedings that the case was set for a stipulated bench trial. Defense counsel agreed and indicated that the defendant intended to preserve her appellate rights on the trial court's decision regarding her motion to suppress. The parties submitted a stipulation regarding the facts and exhibits to be considered by the trial court. After consideration of all the evidence submitted by stipulation, the defendant was found guilty of methamphetamine delivery.

¶ 7      Subsequent to the finding of guilt, during the trial court's discussion regarding the scheduling of a sentencing date and other related matters, defense counsel asked the trial court if "a written jury waiver" was on file or if one needed "to be executed given that this was done through bench trial." The trial court responded, "I guess I was proceeding on the presumption that we did that at the time of the *** setting." The State then requested that the trial court confirm the defendant's jury waiver on the record. The trial court stated, "I should have checked that before

3

we started." In response, defense counsel indicated, "approaching with the jury waiver."[2] After defense counsel produced the jury waiver document,[3] signed by the defendant, the trial court reviewed an entry in its file from December 13, 2024, that said, "Via email correspondence: By agreement of the parties, cause allotted for bench trial on 1/17 at 9 a.m. The December 16th, 2024, date is vacated." The trial court further stated, "I can look through and see if there was a waiver attached to that email, but it's simpler to just have Ms. Whiteley confirm it in court." The defendant was then admonished of her right to a jury trial and the following conversation between the trial court and the defendant took place:

> "THE COURT: Ms. Whiteley, you understand that you do have a constitutional right to have a jury trial in this case?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you understand that if you waive, which means give up, your right to have a jury trial, any trial you would have would be before a judge only. It's called a bench trial, what we just went through before I confirmed this waiver. Do you understand that?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. Even though you now know how I'm going to rule, do you still wish to waive your right to a jury trial and have a bench trial only?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And did you read and sign this written jury waiver?
> THE DEFENDANT: I did.
>
> THE COURT: Do you have any questions about anything that is contained in that document?
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you making that decision to give up your right to a jury trial of your own free will?
> THE DEFENDANT: Yes, sir.

---

[2]The record contains the signed "waiver of jury" form presumably produced to the trial court by defense counsel after the finding of the defendant's guilt, however there is no information in the record as to when this jury waiver was signed by the defendant.
   [3]The "waiver of jury" form is dated January 17, 2024, the same date as the bench trial. There is no indication, however, of the time it was executed.

4

THE COURT: Has anyone forced or threatened or coerced you in any way to get you to give up your right to a jury trial?

THE DEFENDANT: No, sir.

THE COURT: And even knowing how the result is going to turn out, is that still your intention?

THE DEFENDANT: Yes, sir.

THE COURT: We'll show the Court finds the Defendant affirms the prior anticipated waiver of her right to a jury trial, that the decision is made knowingly and voluntarily. The written jury waiver is executed and accepted. Court confirms the prior judgment that was entered."

¶ 8 Subsequent to the entry of judgment on the conviction, a sentencing hearing was held. Evidence was presented in mitigation and aggravation, and the defendant was sentenced to 7 years in the IDOC and 18 months of mandatory supervised release. The defendant filed a motion for acquittal, or in the alternative, a motion for a new trial. The defendant's posttrial motion did not include a claim for an invalid jury waiver. The trial court denied the defendant's motion. The defendant now appeals.

¶ 9                                    II. ANALYSIS

¶ 10 On appeal, the defendant alleges that her jury waiver was not constitutionally valid because it was obtained after a finding of guilt. The defendant concedes, however, that this issue was not raised by defense counsel at trial and it was not preserved in the defendant's posttrial motion. Thus, the defendant asks for plain error review. Specifically, the defendant asks for second prong plain error review. The State contends that there is no evidence in the record that the defendant believed that she was obligated to proceed with a bench trial, that the evidence shows that the defendant knowingly and voluntarily waived her right to a jury trial, and that the defendant cannot establish a clear or obvious error under plain error review. We limit our discussion to review under second prong plain error, as this is dispositive of the defendant's appeal.

5

¶ 11    The right to a jury trial in a criminal prosecution is guaranteed as a fundamental right by the Illinois Constitution. Ill. Const., 1970, art. I, § 13. A criminal defendant may waive their right to a jury, but to be valid it must be "understandingly waived by defendant in open court ***." 725 ILCS 5/103-6 (West 2022). The Illinois Supreme Court has found that a jury trial waiver must be made "knowingly and understandingly" to support its validity under the given circumstances and facts of each case. *People v. Bracey*, 213 Ill. 2d. 265, 269 (2004). "The record must disclose some evidence of some discussion in defendant's presence, prior to being found guilty, with respect to a jury waiver." *People v. Elders*, 349 Ill. App. 3d 573, 583 (2004). Simply stated, a defendant must be told of his or her right to a jury trial before he or she is found guilty and a waiver of this right must be done after a discussion in the defendant's presence. See *Elders*, 349 Ill. App. 3d at 584. Illinois does not have a precise formula for determining the "understanding or knowing" of a defendant's jury trial waiver but instead places a focus on the facts and circumstances of each case. *People v. Morales*, 2025 IL App (1st) 231317, ¶ 18. When the facts are not in question, the issue of whether the defendant knowingly waived his right to a jury trial is a question of law that we review *de novo*. *People v. Hutt*, 2023 IL 128170, ¶ 30.

¶ 12    The plain error doctrine allows a reviewing court to reach a forfeited error under two circumstances. *People v. Moon*, 2022 IL 125959, ¶ 20. First prong plain error review is appropriate when a "clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant." *Moon*, 2022 IL 125959, ¶ 20. Under second prong plain error, review is warranted when a "clear or obvious error occurred and the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Moon*, 2022 IL 125959, ¶ 20. This second prong of the rule is often referred to as "the substantial rights prong," as it "guards against

6

errors that erode the integrity of the judicial process and undermine the fairness of the defendant's trial." *People v. Herron*, 215 Ill. 2d 167, 186 (2005). In both first prong and second prong plain error review, the defendant bears the burden of persuasion. *Herron*, 215 Ill. 2d at 187. The "substantial rights prong" of second prong plain error is equated with structural error, which occurs when an error is of such magnitude that it undermines the framework within which the trial proceeds, not just a mere error in the trial process itself. *People v. Johnson*, 2024 IL 130191, ¶ 59. Proof of second prong plain error is a high hurdle and is only implemented in exceptional circumstances where, despite the absence of an objection, application of the rule is necessary to preserve the integrity and reputation of the judicial process. *Johnson*, 2024 IL 130191, ¶ 54. For structural error, "prejudice to the defendant is presumed regardless of the strength of the evidence or the effect of the error on the trial outcome." *Moon*, 2022 IL 125959, ¶ 27. As this case deals with the knowing waiver of the fundamental right to a jury trial, we will consider this issue under the plain error doctrine. *People v. Smith*, 106 Ill. 2d 327, 333 (1985). The first step in the plain error analysis is to determine whether any error occurred. *Hutt*, 2023 IL 128170, ¶ 29.

¶ 13    Here, the defendant's constitutional right to a jury trial is a fundamental right afforded to her in a criminal prosecution. Ill. Const., 1970, art. I, § 13. There is no indication from the record that the defendant was made aware of her right to a jury trial, except for the vague representation to the group of individuals at arraignment. Therefore, we find that the representations made at the defendant's arraignment did not constitute adequate admonitions of the defendant's right to a jury trial. The record is silent with regard to any waiver of the defendant's right to a jury trial until her own counsel questioned the trial court as to whether there was a written jury waiver on file. As the trial court was commenting on the conundrum, defense counsel approached the trial court with a written waiver of the defendant's jury trial. Therefore, the record supports the conclusion that the

7

defendant entered into her jury waiver only after the trial court found the defendant guilty. We find that proceeding with the stipulated bench trial and entering a judgment finding the defendant guilty, all without a valid jury waiver from the defendant, was error.

¶ 14     Next, we determine whether the error violated the "substantial rights prong" in that the failure to obtain the waiver before trial and after a finding of guilt, denied the defendant a fair trial, and eroded the integrity of the judicial process. Following the stipulated bench trial, as previously noted, it was defense counsel who asked the trial court if there was a jury trial waiver on file. The trial court responded that "I guess I was proceeding on the presumption that we did that at the time of the *** setting." Defense counsel then approached the trial court with a signed jury waiver. There was no indication that this waiver was signed before the stipulated bench trial took place. The record does not reveal any evidence that there was a discussion with the defendant present, affirming her choice to waive her right to a jury trial, prior to the bench trial. See *Elders*, 349 Ill. App. 3d at 584. As a matter of precaution, the trial court decided to admonish the defendant on the record to obtain her waiver. Therefore, only after the finding of guilt did the trial court advise the defendant of her right to a jury trial and her ability to waive that right. The admonishments after the finding of guilt did not relieve the trial court of following the proper procedural admonitions at the proper time, *i.e.* obtaining a valid jury waiver in open court prior to the defendant's trial. *Elders*, 349 Ill. App. 3d at 584.

¶ 15     Consequently, we find that the trial court's error in failing to fulfill its duty to obtain a valid jury waiver in open court prior to trying the defendant or, at the least, prior to entering a judgment of guilt against her, cannot be excused. Therefore, the "substantial rights" prong of second prong plain error was violated. We find that the record supports the conclusion of second prong plain error. Therefore, we vacate the defendant's conviction and remand this cause for a new trial.

¶ 16                    III. CONCLUSION

¶ 17    For the reasons stated, we vacate and remand this cause to the circuit court of Champaign

County for a new trial.

¶ 18    Vacated and remanded.