2022 IL App (2d) 210429-U
Nos. 2-21-0429 & 2-21-0430 cons.
Order filed July 14, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 19-CM-1895 |
| | ) ) | 19-CM-1985 |
| CHRISTOPHER OGIELA, | ) ) | Honorable Robert A. Miller, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court.
Presiding Justice Bridges and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: There was no error, and thus no plain error, in defendant's jury waivers in two cases.  The waivers were knowing and voluntary where defendant, a highly educated professional, (1) was silent when defense counsel declared in open court that defendant was opting for bench trials, (2) submitted signed jury waivers immediately before the back-to-back bench trials, and (3) was asked, as to one of the substantively identical waivers, if he understood its terms, and said yes.

¶ 2    At issue in these consolidated appeals is whether plain error arose when defendant, Christopher Ogiela, signed written jury waivers in case Nos. 19-CM-1895 (case 1895) and 19-CM-1985 (case 1985) but was never admonished by the trial court about waiving a jury trial (case

1895) or was only perfunctorily admonished (case 1985). We determine that defendant knowingly waived his right to a jury trial in both cases. Accordingly, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4                         A. Initial Unreported Proceedings

¶ 5     There are no reports of proceedings for the initial court appearances in these cases.

¶ 6                                    1. Case 1895

¶ 7     On September 3, 2019, defendant was charged with disorderly conduct (720 ILCS 5/26-1(a)(1) (West 2018)) and resisting or obstructing a peace officer (*id.* § 31-1(a)).

¶ 8     On October 13, 2019, the trial court entered an order appointing the public defender to represent defendant at his bond hearing only. An order dated October 15, 2019, states that defendant was arraigned in open court, "knowingly and voluntarily entered pleas of not guilty," and was "admonished as to representing himself." Another order from the same date reflects that defendant (1) wished to proceed *pro se*, (2) was given the admonitions under Illinois Supreme Court Rule 401 (eff. July 1, 1984) for a waiver of counsel, and (3) indicated that he understood the admonitions. The order further states that (1) defendant was "mentally and intellectually competent to understand the [Rule 401] admonitions," (2) his "request for self-representation [was] an intelligent and knowing waiver of his right to counsel," and (3) his "waiver of his right to counsel [was] clear, unequivocal, and not ambiguous."

¶ 9                                    2. Case 1985

¶ 10    On September 16, 2019, defendant was charged with disorderly conduct (*id.* § 26-1(a)(1)). Later, the State also charged him with two counts of assault (*id.* § 12-1(a)).

¶ 11    An order dated October 24, 2019, states that defendant was arraigned in open court and "knowingly and voluntarily entered a plea of not guilty."

¶ 12                    B. Reports of Proceedings Before Trial

¶ 13    The first report of proceedings in the record is a status hearing on October 29, 2019, for case 1895. On that date, the trial court confirmed that defendant was representing himself. The court then asked defendant how he wanted to proceed. Defendant inquired if the case was set for status, and the court replied that it was set for "status and jury waiver if you decide." The court continued, "Do you want a jury trial or bench trial? Or how would you like to proceed?" Defendant said he wanted "to proceed with a jury trial" but requested a continuance. The court reiterated that the case was up for status only and asked defendant if he wanted to set a date for a jury trial. Defendant replied, "Yes, please." The court set January 8, 2020, for a jury trial, and defendant assured the court that he would prepare jury instructions. Defendant confirmed that January 8, 2020, was the trial date, not the deadline for jury instructions.

¶ 14    On December 16, 2019, the deadline for jury instructions in case 1895, defendant stated that he was unable to prepare instructions because he did not have discovery from the State. Defendant stated that he needed a continuance to move the State for discovery and to prepare instructions. He apologized for not seeking discovery earlier. The State assured the court that it would provide defendant with discovery within a week. At the end of the proceedings, the court told defendant, "[W]e'll see you back here for your jury trial January 8[, 2020]." Defendant replied, "Thank you, Your Honor."

¶ 15    Meanwhile, in case 1985, defendant appeared *pro se* on December 23, 2019. The trial court chastised him for failing to appear on November 18, 2019. The court then asked about defendant's criminal history. The State replied that defendant had petty traffic offenses and a pending case (case 1895). The State noted that "the future date [for case 1895] is January 8[, 2020]." At defendant's request, the trial court also continued case 1985 to January 8, 2020.

¶ 16    On January 8, 2020, the court continued both cases to February 5, 2020, for status on discovery.  Later, on its own motion, the court continued both cases to February 20, 2020, and later to February 18, 2020.

¶ 17    On February 18, 2020, defendant informed the court that he was moving to dismiss the charges in case 1895.  However, after defendant advised the court that he was not ready to argue his motion, the trial court stated, "All right. [W]ell, then [case 1895] remains set for jury trial. Let's see, I guess it's not set for jury trial."  The State indicated that it could "get a date."  The court asked defendant, "Do you want to set it for trial, sir, or do you want to set it for a hearing on your motion to dismiss?"  Defendant replied, "Motion to dismiss" and assured the court that he would file that motion by February 28, 2020.  The court set a February 28, 2020, deadline for the motion to dismiss, and set March 6, 2020, for the hearing on the motion.

¶ 18    On March 6, 2020, the trial court asked defendant if he had filed a motion to dismiss case 1895.  Defendant replied, "No, however, prior to that I filed a motion to advance [public defender] screen for both [case] 1895 and [case] 1985.  I'm asking to have a [p]ublic [d]efender assigned."  After confirming that defendant qualified for the appointment of counsel, the court appointed Assistant Public Defender Brittany Earl-Jackson to represent defendant in cases 1895 and 1985.

¶ 19    After the court continued the cases for several months, on January 27, 2021, Assistant Public Defender Ally Aliperta appeared in court on defendant's behalf for both cases.  The trial court waived defendant's appearance.  Aliperta advised the court:

> "Your Honor has before you two files, Judge—[case] 1985 and [case] 1895.  I did speak to [defendant] on how he would like to proceed, and he has indicated that he would like to set both matters for bench trial, Judge, jury waiver to come."

After further discussions, the court asked, "That one [case 1895] is set for bench April 20[, 2021].

And then we will hold this one over to the same date for status, [case] 1985; correct?" The State

replied, "Yes, please," and Aliperta agreed.

¶ 20    On April 20, 2021, defendant appeared in court with Aliperta on both cases, and the

following exchange took place:

> "THE COURT: Is this set for bench trial or jury trial?
>
> MS. ALIPERTA: No. This one is set for bench, Judge, and then he has two matters,
> Your Honor. [Case] 1895 is set for bench, in which the defense is answering ready; and
> then [case] 1985 ***, Judge, is set for status, which at this point in time we would be asking
> to set that for bench as well.
>
> THE COURT: All right."

Because another case involving a different defendant was ready for a jury trial, the trial court

continued cases 1895 and 1985 on its own motion. The State indicated it had spoken with Aliperta,

and "[w]e would be ready to set both matters for the same day for bench trial." Aliperta assented,

and the trial court set both matters for a bench trial on June 18, 2021.

¶ 21                                      C. Bench Trials

¶ 22                                      1. Case 1895

¶ 23    On June 18, 2021, defendant appeared for a bench trial on both cases. The bench trial on

case 1895 proceeded first. Before the trial started, the trial court asked, "Has [*sic*] there been jury

waivers?" Aliperta replied, "We're submitting them right now, your Honor."

¶ 24    The record contains a preprinted "Jury Waiver" form for case 1895. The form provided:

> "I understand that I have the right to have a trial with a jury. I am giving up my
> right to have a trial with a jury and instead I want to:

have a trial with a judge; OR

plead guilty."

¶ 25     The box next to "have a trial with a judge" was marked. The form, dated June 18, 2021, had defendant's signature and a witness to his signature.

¶ 26     The State *nolle prossed* the disorderly conduct charge in case 1895 because there was no complaining witness. The court granted defendant's motion for a directed finding as to one count of resisting a peace officer. After the close of evidence, the court found defendant guilty of the remaining count of resisting a peace officer.

¶ 27                                    2. Case 1985

¶ 28     Immediately after the trial court's guilty finding in case 1895, case 1985 proceeded to a bench trial. Before trial began, the court and defendant discussed waiving a jury trial:

          "THE COURT: Okay. [Defendant], I have another jury waiver. That is on [case]

     *** 1985. I take it the same one you've already signed [in case 1895]. You've read that;

     is that correct?

          THE DEFENDANT: I did.

          THE COURT: You understood it?

          THE DEFENDANT: Yes.

          THE COURT: And that's how you wish to proceed; is that correct, sir?

          THE DEFENDANT: Yes."

¶ 29     The record contains a "Jury Waiver" form for case 1985. It is the same preprinted form as for case 1895. Defendant marked the box next to "have a trial with a judge." The form, dated June 18, 2021, had defendant's signature and a witness to his signature. The only substantive

difference between the two forms is that one listed case 1895 in the caption and the other listed case 1985.

¶ 30    The State *nolle prossed* the disorderly conduct charge, as there was no complaining witness to testify.  The trial court denied defendant's motion for a directed finding on the two counts of assault.  At the close of evidence, the court found defendant guilty of both counts of assault.

¶ 31                                D. Sentencing Hearing

¶ 32    At the sentencing hearing, Aliperta asserted that defendant has a bachelor's degree in biology, a minor in chemistry, an MBA in healthcare, and a certificate in secondary education. In addition, while working as a scientist, defendant published numerous articles, won a research award from the National Science Foundation, and is a member of the American Society of Quality.

¶ 33    Defendant was sentenced to concurrent terms of 12 months' conditional discharge in cases 1895 and 1985.

¶ 34    At no time in case 1895 or case 1985 did defendant ever raise an issue with respect to his waiver of the right to a jury trial.

¶ 35    Defendant timely appealed in both cases.  On defendant's motion, we consolidated the appeals.

¶ 36                                II. ANALYSIS

¶ 37    On appeal, the issue is whether defendant was properly informed of his right to a jury trial so that he could make knowing jury waivers in cases 1895 and 1985.  As defendant failed to raise this issue in the trial court, we apply the plain-error rule.

¶ 38    "Ordinarily, errors not objected to during trial [and] raised in [a] post-trial motion are considered [forfeited]." *In re R.A.B.*, 197 Ill. 2d 358, 362 (2001), *abrogated on other grounds by In re Destiny P.*, 2017 IL 120796.  "Under [Illinois] Supreme Court Rule 615(a)[(eff. Jan. 1,

1967)], we will review plain errors affecting substantial rights, even if those errors were not objected to during trial or presented in a post-trial motion." *Id.* at 362-63.

> "We will invoke the plain[-]error rule in two limited circumstances: '(1) where the evidence is closely balanced; or (2) when the [error is] of such magnitude that defendant was denied a fair and impartial trial and remedying the error is necessary to preserve the integrity of the judicial process.' " *Id.* at 363 (quoting *People v. Nieves*, 192 Ill. 2d 487, 502-03 (2000)).

Defendant bears the burden of establishing plain error under either prong of the plain-error rule. *People v. Thompson*, 2015 IL App (1st) 122265, ¶ 34. Because this case concerns the knowing waiver of the fundamental right to a jury trial, the second prong of the plain-error rule applies. *People v. Liekis*, 2012 IL App (2d) 100774, ¶ 29. Under the second prong, prejudice to the defendant is presumed, and an automatic reversal of the defendant's conviction is required if error is found. *People v. Thompson*, 238 Ill. 2d 598, 613-14 (2010). As is true in every case involving plain-error review, we first consider whether error arose at all, because in the absence of error there can be no plain error. *People v. Thompson*, 2015 IL App (1st) 122265, ¶ 34. "If we find error, then we proceed to consider whether either of the two prongs of the plain-error rule has been satisfied." *Id.* Whether plain error arose is a question of law that we review *de novo*. *People v. Johnson*, 238 Ill. 2d 478, 485 (2010).

¶ 39    Defendant argues that he "was never properly admonished in open court as to his jury waivers in each case." "The right to a jury trial is protected by the United States Constitution (U.S. Const., amends. VI, XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, § 8), and has been codified by the Illinois legislature." *Liekis*, 2012 IL App (2d) 100774, ¶ 30. Although the right to a jury trial is fundamental (*People v. Bracey*, 213 Ill. 2d 265, 269 (2004)), a defendant may waive

that right (see 725 ILCS 5/103-6(i) (West 2020)). A jury waiver "must be knowingly and understandingly made in open court." *People v. Gatlin*, 2017 IL App (1st) 143644, ¶ 13 (citing 725 ILCS 5/103-6 (West 2014); *Bracey*, 213 Ill. 2d at 269).

¶ 40 There is no precise test for determining whether a defendant knowingly waived his right to a jury trial. *Bracey*, 213 Ill. 2d at 269. Rather, the occurrence of a knowing waiver turns on each case's unique facts and circumstances. *Id.* A written waiver is one way to show an intent to waive the jury right. 725 ILCS 5/115-1 (West 2020); *Bracey*, 213 Ill. 2d at 269. However, a written waiver, while recommended, does not always decisively establish a valid waiver. *Bracey*, 213 Ill. 2d at 269-70. Conversely, the lack of a written waiver is not necessarily fatal if the record otherwise reveals that the defendant knowingly waived his right to a jury trial. *Id.* at 270. The trial court does not need to provide the defendant with any precise admonishments or advice for a waiver to be effective. *Id.* A jury waiver is generally valid if it is made in open court by defense counsel and in the defendant's presence without any objection from the defendant. *Id.* In fact, the supreme court has said: " 'We have never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed.' " *Id.* (quoting *People v. Scott*, 186 Ill. 2d 283, 285 (1999)). Thus, at a minimum, a jury waiver, whether written or oral, must be discussed before trial when the defendant was present in open court. *Id.*

¶ 41 For example, knowing jury waivers were found when (1) the defendant, an intelligent man with considerable education, did not execute a written jury waiver but was advised about his right to a jury trial or a bench trial "at some point" and said nothing when a bench trial was mentioned numerous times throughout the proceedings (*People v. Frey*, 103 Ill. 2d 327, 329-332 (1984)); (2) the half-sheets reflected that defense counsel moved for a stipulated bench trial and " 'jury trial [was] waived' " (*Liekis*, 2012 IL App (2d) 100774, ¶ 34); and (3) the defendant did not execute a

written jury waiver and said nothing when his attorney told the trial court that the defendant would proceed with a bench trial (*People v. Asselborn*, 278 Ill. App. 3d 960, 962-63 (1996)).  Conversely, an unknowing waiver of a jury trial occurred when (1) the defendant executed a written jury waiver and was admonished about his right to a jury trial, but after his conviction was vacated, resulting in a new trial, the trial court merely verified that there was a jury waiver for the first bench trial before proceeding with the second (*Bracey*, 213 Ill. 2d at 268, 273); (2) the defendant executed a jury waiver outside of court but was never present in court for jury-waiver discussions (*Scott*, 186 Ill. 2d at 284-85); and (3) the defendant executed a jury waiver *after* the trial court found him guilty, and the defendant said nothing when his attorney assured the trial court that the defendant had wanted a bench trial (*People v. Elders*, 349 Ill. App. 3d 573, 576-77 (2004)).

¶ 42     Defendant bears the burden of establishing that his jury waiver was invalid.  *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7.  We review *de novo* whether the jury waivers here were proper, as the facts are not in dispute.  *Bracey*, 213 Ill. 2d at 270.

¶ 43     With the above principles in mind, we turn to the facts presented here.  The record shows that defendant appeared *pro se* in court numerous times before his trials.  Although the record does not indicate that the trial court ever advised defendant about his right to a jury trial or the difference between bench and jury trials, defendant made clear to the court in each case that he initially wanted a jury trial.  The court had no reason to doubt that defendant understood the nature of a jury trial.  Notably, in accepting defendant's waiver of counsel, the court determined that defendant was "mentally and intellectually competent."  The record also shows that defendant was well educated and quite accomplished in his field.  Granted, defendant was not present when Aliperta first asked the court to schedule the cases for bench trials.  But, when Aliperta later mentioned a bench trial in defendant's presence, he never objected or alerted the court that he did not want a

bench trial. On the day of his bench trials, defendant signed jury waivers in both cases. Aliperta tendered the signed jury waivers to the court in defendant's presence. Defendant never objected or indicated to the court that he instead wished to proceed with a jury trial.

¶ 44    After defendant's bench trial in case 1895, the parties immediately proceeded with the bench trial in case 1985. The court questioned defendant about the jury waiver Aliperta tendered for case 1985, noting that it was substantively the same waiver that defendant had executed in case 1895. The court confirmed that defendant read the waiver in case 1985, understood it, and wished to proceed with a bench trial. Given this exchange, and considering all that transpired beforehand, we must conclude that defendant knowingly waived his right to a jury trial in both cases—even though the court did not specifically discuss with defendant the written jury waiver in case 1895 before proceeding with that bench trial.

¶ 45    We support our conclusion with *People v. Lombardi*, 305 Ill. App. 3d 33 (1999). There, before the defendant's bench trial began, the trial court asked whether " 'both sides are ready to start.' " *Id.* at 40. Defense counsel, in the defendant's presence,[1] responded, " 'ready for bench trial on the charges brought before you.' " *Id.* After that, defense counsel asserted, again in the defendant's presence, " '[w]e wish to proceed on the bench trial as planned.' " *Id.* The defendant did not object to either mention of a bench trial. *Id.*

¶ 46    After both parties presented their case and gave closing arguments, the trial court continued the case for ruling. *Id.* at 37. Before issuing a ruling, the trial court learned that the defendant did not execute a jury waiver. *Id.* The court wanted to correct that before taking the case under

---

[1]We noted that "[n]othing in the record indicates that the defendant was not present" both times when counsel mentioned a bench trial. *Id.* at 40.

advisement. *Id.* The court advised the defendant about her right to a jury trial, which meant that 12 jurors would hear the evidence and decide the defendant's guilt. *Id.* at 37-38. The court clarified that if the defendant wanted a jury trial, she could have one, "but that she could not have it both ways." *Id.* at 38. The court granted a continuance for the defendant to think about her options. *Id.* At the next court date, defense counsel advised the court that he had explained to the defendant her rights to a jury trial and that the defendant wanted the court to render its judgment. *Id.* The court explained that it could declare a mistrial and give the defendant a new trial with a jury, or the defendant could sign a jury waiver, and the court would render its decision. *Id.* The court then extensively admonished the defendant about her right to a jury trial and accepted the defendant's waiver of a jury trial only after ascertaining from the defendant that she freely and voluntarily made her waiver. *Id.* at 38-39. The defendant signed a jury waiver, and after the court reopened the proofs, the court found the defendant guilty of the charged offenses. *Id.* at 35, 39.

¶ 47    On appeal, the defendant argued, among other things, that she did not knowingly waive her right to a jury trial. *Id.* at 39. We held that she did. *Id.* at 40, 42. First, we determined that, before the bench trial began, defense counsel, presumably in the defendant's presence, made it known twice that the defendant would be proceeding with a bench trial. *Id.* at 40. The defendant did not object to either mention of a bench trial. *Id.* Given that, we held that "we must conclude that the defendant knowingly waived her right to a jury trial." *Id.* Second, "[a]ssuming *arguendo,* [that] the defendant did not knowingly waive her right to a jury trial before the bench trial began," we noted that "the record indicates that the defendant knowingly waived her right before the bench trial was completed." *Id.* Regarding the later holding, we stressed that to find an unknowing waiver under these circumstances would allow the defendant " 'to gamble on the outcome before

the judge without a jury and then if dissatisfied make a belated demand for a jury.' " *Id.* at 41 (quoting *Frey*, 103 Ill. 2d at 333).

¶ 48    This case is even stronger than *Lombardi*. Unlike in *Lombardi*, defendant here not only signed written jury waivers and tendered them to the trial court before the bench trials began, but assured the trial court before his bench trial in case 1985 that he was knowingly waiving his right to a jury trial. In reaching that conclusion, we recognize that defendant did not have such an exchange before his earlier bench trial in case 1895, but that fact does not convince us that defendant did not knowingly waive a jury trial in case 1895. Defendant stood silent when both written jury waivers were tendered. The material contents of the jury waivers were identical, and case 1985 proceeded right after case 1895. We noted in *Lombardi* that a jury waiver coming only after sentencing might not be knowingly made (*id.* at 42 (citing *People v. Eyen*, 291 Ill. App. 3d 38, 40-41 (1997)), but here Aliperta presented the waiver in case 1895 *before* the bench trial began.

¶ 49    Moreover, the court's discussion of the knowingness of the waiver in case 1985 occurred immediately after the bench trial in case 1895—well before sentencing in the latter case. Thus, we believe that that discussion is pertinent to whether defendant's waiver in case 1895 was knowing. Notably, during that discussion, defendant did not object to having had a bench trial in case 1985. Given what transpired in this case, we must conclude that if, in *Lombardi*, defense counsel's two unchallenged verbal references to a bench trial were sufficient to demonstrate a knowing jury waiver, then the waivers here were certainly made knowingly.

¶ 50    Defendant argues that more is required to show valid waivers here. He cites *People v. Ruiz*, 367 Ill. App. 3d 236 (2006), where the defendant signed a written jury waiver on the day of his trial. *Id.* at 236. However, "the record did not include any statement in open court from [the] defendant or his counsel regarding the waiver." *Id.* at 236. Rather, a little over one month before

- 13 -

the defendant's bench trial, defense counsel advised the court that " '[w]e would seek [Y]our Honor to set this for a bench trial.' " *Id.* at 238. At defense counsel's request, the trial court set a trial date. *Id.* On the day of trial, the court remarked " '[t]his case is set for trial' "; defense counsel agreed; the court asked if " '[b]oth sides are ready for trial' "; defense counsel agreed; the court noted that the " '[d]efendant has signed a jury waiver' "; and the court asserted that the waiver has " 'been tendered to the Court.' " *Id.* at 238-39.

¶ 51 The appellate court determined that "these two instances are insufficient to constitute a discussion of [the] defendant's waiver of his right to a jury trial in open court." *Id.* at 239. Specifically, trial counsel's scheduling of a bench trial and the trial court's reference to the defendant's signed jury waiver right before proceeding with a bench trial did not constitute a valid waiver. *Id.*

¶ 52 Here, unlike in *Ruiz*, Aliperta, as an officer of the court, told the court that she spoke to defendant and that he wanted to proceed with a bench trial. Then, in open court in front of defendant, Aliperta advised the court that both cases should be set for a bench trial. Defendant did not object. On the day of trial, Aliperta, not the trial court, mentioned the signed jury waivers when she tendered them to the court in open court. These jury waivers were executed on the same day that they were tendered. Again, defendant did not object. Given these differences, in addition to everything else that transpired before defendant's trials, we do not find *Ruiz* persuasive.

¶ 53 Defendant argues that, to constitute a knowing jury waiver, the trial court had to do one or both of the following: (1) "ask [defendant] if he knew what a jury was," or (2) "explain to [defendant] the composition of a jury, or that the jury would be the finder of fact at trial." Defendant's argument ignores our supreme court's declaration that "the [trial] court need not impart to defendant any set admonition or advice" for a jury waiver to be valid. *Bracey*, 213 Ill.

2d at 270. Moreover, defendant here is not an unsophisticated, uneducated individual who would not know the differences between a bench and a jury trial. As our supreme court observed in *Frey*:

"[W]e are not dealing with an unsophisticated, uneducated or simple-minded defendant to whom those discussions [about a jury waiver] might be unclear, for the trial court described defendant as a real estate syndicator and developer, and a man of intelligence, experience and considerable education." *Frey*, 103 Ill. 2d at 333.

Here, like in *Frey*, defendant went to college, obtained degrees, received certificates, published professional articles, and was recognized in his field. It is inconceivable that defendant did not know the difference between a jury trial and a bench trial where (1) while *pro se* and given the choice between a bench trial and a jury trial, he did not ask the court to explain the differences but immediately chose a jury trial and (2) while represented by Aliperta, he stood silent when a bench trial was mentioned, signed written jury waivers in both cases, and assured the court that he read the waiver in case 1985, understood it, and wished to proceed with a bench trial.

¶ 54    Because we determine that no error arose, we do not find plain error. *Johnson*, 238 Ill. 2d at 485.

¶ 55    In reaching our conclusion, we are mindful that

"[i]t takes but a few moments of a trial judge's time to directly elicit from a defendant a response indicating that he understands that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by a jury or by the court without a jury. This simple procedure incorporated in the record will reduce the countless contentions raised in the reviewing courts about jury waivers." (Internal quotation marks omitted.) *Scott*, 186 Ill. 2d at 288 (Bilandic, J., specially concurring).

However, be that as it may, we cannot conclude from the facts here that defendant's jury waivers were anything but knowingly made.

¶ 56                                    III. CONCLUSION

¶ 57    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 58    Affirmed.